IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTIE HYDE,

    Plaintiff,

v.                                                Civil Action No. 5:18CV145
                                                                                   (STAMP)
IATSE LOCAL UNION 64,
WHEELING MUNICIPAL AUDITORIUM BD,
GREATER WHEELING SPORT
AND ENTERTAINMENT AUTHORITY,
and FRANK SCARNECHIA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND,
REMANDING CASE TO CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
AND DENYING AS MOOT AND WITHOUT PREJUDICE
DEFENDANTS' MOTIONS TO DISMISS**

I. Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 1. Plaintiff's amended complaint (ECF No. 1-2) alleges claims primarily related to workplace sexual harassment of plaintiff during various theatrical events in the local area beginning in 2016.[1] ECF No. 1-2. Defendants assert federal jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) by contending that plaintiff has asserted claims that are

---

[1] Because the merits of the parties' factual assertions as to the background of this case are largely outside of the scope of this Court's assessment of the remand motion, for the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by the plaintiff in her amended complaint.

completely preempted by § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.  ECF No. 1 at 2.

The plaintiff, Christie Hyde ("Hyde"), commenced this civil action in the Circuit Court of Ohio County, West Virginia, and filed her amended complaint against the above-named defendants International Association of Theatrical Stage Employees Local Union 64 (the "Local Union"), Wheeling Municipal Auditorium Board ("Auditorium Board"), Greater Wheeling Sport and Entertainment Authority ("Entertainment Authority"), and Frank Scarnechia ("Scarnechia") (hereinafter collectively, "defendants").

In her amended complaint, plaintiff asserts the following counts against the defendants:  Count I-Sexual Harassment-Hostile Work Environment-Frank Scarnechia; Count II-Sexual Harassment-Quid Pro Quo-Frank Scarnechia; Count III-Sexual Harassment-Strict Liability of Employer-Local 64; Count IV-Spoilation of Evidence-Frank Scarnechia; Count V-Sexual Harassment-Strict Liability of Employer-Wheeling Municipal Auditorium Board; Count VI-Sexual Harassment-Strict Liability of Employer-Greater Wheeling Sports and Entertainment Authority; Count VII-Sexual Harassment-Intentional Infliction of Emotional Distress-Frank Scarnechia; Count VIII-Sexual Harassment-Intentional Infliction of Emotional Distress-Local 64; Count IX-Sexual Harassment-Wrongful Termination-Local 64; Count X-Sexual Harassment-Wrongful Termination-Wheeling Municipal Auditorium Board; Count XI-Sexual Harassment-Wrongful Termination

-Greater Wheeling Sports and Entertainment Authority; Count XII-Retaliatory Discharge-Local 64; Count XIII-Retaliatory Discharge-Greater Wheeling Sports and Entertainment Authority; Count XIV-Retaliatory Discharge-Wheeling Municipal Auditorium Board; Count XV-Punitive Damages-Local 64; Count XVI-Punitive Damages-Wheeling Municipal Auditorium Board; Count XVII-Punitive Damages-Greater Wheeling Sports and Entertainment Authority. ECF No. 1-2.

Defendants timely filed a notice of removal and contend that plaintiff has asserted claims that are completely preempted by § 301 of the LMRA. ECF No. 1. Defendants argue that the collective bargaining agreement ("CBA") (ECF No. 1-3) between Local 64 and the Entertainment Authority must be interpreted in order to determine whether plaintiff was considered an "employee" of defendant Entertainment Authority. Id. at 3. Defendants also argue that the CBA must be analyzed and interpreted to determine what duty, if any, was owed by the Entertainment Authority to the plaintiff regarding her claims of sexual harassment and whether the Entertainment Authority breached any duty owed. Id. Defendants further contend that the CBA must be interpreted to determine who selected those who worked, who supervised, who contracted, and who directed plaintiff at time of the alleged sexual harassment. Id.

Defendants assert that the CBA must be construed and interpreted and the parties' respective duties and obligations described before the state law claim of sexual harassment can be

addressed, noting that "[t]o the extent that any state law claims are asserted here with LMRA preemption, such claims are within this Court's supplemental jurisdiction under 28 U.S.C. § 1367." Id. at 4. Lastly, defendants note that removal is not agreed upon by all defendants. However, consent is not required as this removal falls under one of the three recognized exceptions to the rule of unanimity, where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). Bell v. Werner Enterprises, Inc., No. 5:11CV18, 2011WL 1297115, at *4 (N.D. W. Va. Apr. 5, 2011). This civil action contains claims arising under the LMRA and thus, unanimity of the defendants is not required.

In accordance with the assertion that plaintiff's claims are completely preempted, defendants Entertainment Authority and the Local Union then filed motions to dismiss (ECF Nos. 7, 8) pursuant to Federal Rules of Civil Procedure 12b(6) and 12 (b)(7). Defendant Entertainment Authority asserts that plaintiff's claims against the Wheeling Municipal Auditorium Board must be dismissed because this entity is no longer in existence, and that plaintiff's claims against the Entertainment Authority fail because neither the plaintiff nor defendant Scarnechia were its employees. Defendant Local Union argues that the amended complaint fails to state a claim upon which relief may be granted because it seeks common law claims against the Local Union which is an unincorporated labor organization and not a person under West Virginia common law for

4

which common law claims cannot be based as a matter of law, and otherwise fails to state a claim upon which relief may be granted.

In response, plaintiff filed a motion to remand, claiming that its claims are not completely preempted and that, as such, this Court lacks jurisdiction to hear this matter. ECF No. 10.[2] In plaintiff's motion to remand, she argues that the removal of this action by defendant Entertainment Authority is improper in that defendant attempts to force federal question jurisdiction upon this matter by merely referencing the LMRA, when the plaintiff is not nor has she ever been a member of the Local Union. Plaintiff asserts that there is no clear and unequivocal issue to secure federal removal jurisdiction and states that the plaintiff's complaint does not allege issues that are solely vested in the jurisdiction of the federal courts, as sexual harassment is not a federal cause of action alone. Plaintiff contends that defendants' attempt to rely on the doctrine of complete preemption and a fragile link to the LMRA as a "jurisdictional thread" to pull this case from state court and remove this matter to federal court fails. ECF No. 10 at 35.

Defendants Auditorium Board and Entertainment Authority filed a response in opposition to the plaintiff's motion to remand. ECF

---

[2]This Court notes that plaintiff's motion to remand (ECF No. 10) erroneously includes intermittent blank pages throughout the document due to a presumed filing error. However, this Court's citations to plaintiff's motion are consistent with the pagination as reflected on the CM/ECF system.

5

No. 11. In response, defendants assert that "[t]he fundamental threshold issue is who is the employer and what are the responsibilities [sic] under the collective bargaining agreement." ECF No. 11 at 1. Defendants argue that plaintiff has specifically alleged different defendants may be employees who have responsibility for alleged sexual harassment in the workplace. Defendants contend that the employer-employee relationship is controlled by the CBA which solely must be interpreted by this federal court before anyone can begin to address the sexual harassment claims. ECF No. 11 at 1. Ultimately, defendants assert that plaintiff's claims, under the current facts, are completely preempted by § 301 of the LMRA because the Court must consult and interpret the collective bargaining agreement between defendants and Local Union in order to resolve the issues presented in plaintiff's causes of action. ECF No 11 at 3-4. Defendants assert that the complaint itself clearly establishes federal jurisdiction and that plaintiff's non-union status is not relevant to the federal question present.

The plaintiff filed a reply to defendants' response in opposition. ECF No. 13. In reply, the plaintiff argues that the fundamental threshold issue is misstated by defendants. Plaintiff asserts that the threshold issue is whether the plaintiff is subject to the collective bargaining agreement without union membership and whether her right to be free from workplace sexual

harassment is an issue for federal courts based upon the thinnest connection to a union contract. ECF No. 13 at 2.

This Court has now reviewed the applicable law as well as the memoranda submitted in support of and in opposition to the motion to remand. For the reasons that follow, this Court grants the plaintiff's motion to remand and remands this case to the Circuit Court of Ohio County, West Virginia for further proceedings. As a result, this Court also denies the defendants' motions to dismiss as moot and without prejudice subject to refiling in state court.

## II. Applicable Law

### A. Removal Standard

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

B.  **LMRA Preemption Standard**

Section 301 of the LMRA authorizes federal courts to hear suits for violations of contracts between an employer and a labor organization or between labor organizations. 29 U.S.C. § 185(a). Section 301 directs the federal courts to fashion a body of federal common law resolving labor disputes and preempts any claims under state law which require the interpretation of a collective bargaining agreement. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988). However, "not every dispute concerning employment or tangentially involving a provision of a collective bargaining agreement, is preempted by § 301 or other provisions of the federal labor law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). As the Fourth Circuit stated in Owen v. Carpenters' Dist. Council, "[a]ccording to the Supreme Court, preemption occurs only when resolution of a state law claim depends upon the meaning of the collective bargaining agreement, Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405–06, 108 S. Ct. 1877 (1988), or when resolution of the state law claim is 'inextricably intertwined with consideration of the terms of the labor contract.' Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 105 S. Ct. 1904 (1985)." 161 F.3d 767, 773 (4th Cir. 1998). The "bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124,

114 S. Ct. 2068 (1994). The Supreme Court has instructed not to read § 301 of the LMRA to preempt "nonnegotiable rights conferred on individual employees as a matter of state law." Id. at 123. According to the Supreme Court, whether a state cause of action may proceed in state court depends upon "the legal character of a claim, as independent of rights under the collective bargaining agreement, (and not whether a grievance arising from precisely the same set of facts could be pursued)." Id. (citation and internal quotes omitted). This is so because § 301 preemption "merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon interpretation of such agreements." Lingle, 486 U.S. at 409. The United States Supreme Court has also stated that "[p]reemption of employment standards 'within the traditional police power of the State' 'should not be lightly inferred.'" Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252, 114 S. Ct. 2239, 2243 (1994).

### III. Discussion

Defendants removed this action based upon 28 U.S.C. § 1331 federal jurisdiction, arguing that the plaintiff's claims were completely preempted by § 301 of the LMRA. ECF No. 1 at 2. Federal jurisdiction based upon 28 U.S.C. § 1331 requires that a question "arising under the Constitutions, laws, or treaties of the

9

United States" be present on the face of the plaintiff's well pleaded complaint. See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 10, 103 S. Ct. 2841, 2846 (1983). This requirement is rooted in the concept that the plaintiff is the master of her own complaint, and can choose to rely upon state law alone in her pleading if she so chooses. Accordingly, the federal question "must be an element, and an essential one, of the Plaintiff's cause of action." Id. at 10-11 (internal citations omitted). The simple existence of a federal issue, or a federal defense is insufficient to support this type of jurisdiction. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234 (1986).

However, there is an exception to the well pleaded complaint rule in cases where a plaintiff's complaint contains state law causes of action which are subject to complete preemption by federal law. When a federal statute wholly displaces the state-law cause of action through complete preemption, the state claim can be removed. This is so because when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. Aetna Health, Inc. v. Davila, 542 U.S. 200, 207, 124 S. Ct. 2488 (2004) (citations omitted). In these situations, the state law cause of action actually pled "transform[s]" into a federal claim by operation of

10

law, and removal is proper. See Lontz v. Tharp, 413 F.3d 435, 441 (4th Cir. 2005). Due to severe implications upon federalism, complete state law preemption is extremely rare. Id. When asked to apply such a rarely employed concept, courts must consider the strong presumption against it and only find complete preemption in situations where Congress has provided a "clear and manifest purpose" to preempt all state law causes with a federal statute. Id.

Further, it is important to note that, in order for a cause of action which employs state law alone to be removable based upon preemption of federal law, the preemption must be complete. That is to say, of the types of preemption, conflict or "ordinary," and complete, only complete preemption creates federal jurisdiction over a complaint employing state law alone on its face. Id. While the complete preemption doctrine entirely supplants any state action in situations covered by the preempting federal law, "ordinary" preemption merely serves as a federal defense to a state law claim, or an assertion that a federal law provides the standard by which a claim must be evaluated. Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430 (1987). This type of preemption will not support federal jurisdiction. As such, in order to support removal jurisdiction in this matter, defendants must show that "Congress intended [the federal claim] to be the

11

exclusive remedy for the alleged wrong" asserted by the plaintiff. King v. Marriott Int'l, Inc., 337 F.3d 421, 425 (4th Cir. 2003).

The complete preemption corollary to the well pleaded complaint rule is applied primarily in cases raising claims preempted by § 301 of the LMRA. Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

As stated above, the key to determining the scope of LMRA preemption is whether resolution of the state law claim requires the court to construe a provision of the CBA. Lingle, 486 U.S. at 413. An application of state law is preempted by § 301 of the LMRA only if such application requires the interpretation of a collective bargaining agreement. Id. (citing Allis-Chalmers Corp., 471 U.S. at 211. The "bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas, 512 U.S. at 124; Lingle, 486 U.S. at 413 (Not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement is preempted by Section 301 or other provisions of federal labor law.); Kobold v. Good Samaritan

Regional Med. Ctr., 832 F.3d at 1033 (Only if claim "founded directly" on rights created by CBA does § 301 preempt it.).

Preemption is determined by the substance of the claim, not by its characterization in the complaint. The plaintiff's claim is the touchstone for this analysis; "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001), as amended (Aug. 27, 2001). In the context of § 301 complete preemption, "the term 'interpret' is defined narrowly — it means something more than 'consider,' 'refer to,' or 'apply.'" Kobold, 832 F.3d at 1033 (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense. Id.; Garley v. Sandia Corp., 236 F.3d 1200, 1209 (10th Cir. 2001).

Although its scope is substantial, § 301 does not preempt every suit concerning employment. If a court can uphold state rights without interpreting the terms of a CBA, allowing suit based on the state rights does not undermine the purpose of § 301 preemption: guaranteeing uniform interpretation of terms in collective bargaining agreements. Miller v. AT&T Network Sys., 850 F.2d 543, 546 (9th Cir. 1988), opinion amended on denial of reh'g, (9th Cir. Aug. 24, 1988). Therefore, "nonnegotiable state-law rights . . . independent of any right established by contract" are

not preempted. Allis-Chalmers, 471 U.S. at 213 (Even if it is necessary to refer to a CBA to determine the terms and conditions of employment, state law discrimination claims can be resolved without interpreting the terms of the CBA.). Further, where a state statute confers rights on an employee that are independent of rights granted by the CBA, a question of state law is created "entirely independent" of any interpretation of the CBA. Livadas, 512 U.S. at 125; Kobold, 832 F.3d at 1039-40; Cramer, 255 F.3d at 695 (Intentional infliction claims are not preempted where the employer's conduct was unlawful or where the CBA does not authorize the offending behavior, in which event, no need to interpret the CBA.); Crosby v. Cooper B-Line, Inc., 725 F.3d 795, 801 (7th Cir. 2013) (Resolution of retaliatory discharge claim depends on the employer's motives, not the terms of the CBA.).

Upon review, this Court is not persuaded by defendants' argument that the plaintiff's claims are preempted by the LMRA. This Court initially notes that plaintiff, within the jurisdiction and venue section of the amended complaint, specifically plead "[a]ll claims herein are brought and intended to be brought only under West Virginia statute and/or applicable common law." ECF No. 1-2 at 3. Further, this Court notes that the essence of plaintiff's claims in this matter arise from allegations of workplace sexual harassment. See ECF No. 1-2. As stated above, application of state law is preempted by § 301 of the LMRA only if

14

such application requires the interpretation of a collective-bargaining agreement. Lingle, 486 U.S. at 413. Plaintiff's claims must be "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp., 471 U.S. at 211. Here, plaintiff's claims are not.

It is apparent from the amended complaint that plaintiff asserts claims under the West Virginia Human Rights Act, pursuant to West Virginia Code § 5-11-9, which prohibits sexual discrimination in the work place. The State of West Virginia has an entire body of law, under West Virginia Code § 5-11-1, et seq., protecting individuals from the type of sexual harassment claims plead by plaintiff in her amended complaint. Critically, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301. Allis- Chalmers Corp., 471 U.S. at 211. As stated above, nonnegotiable state-law rights independent of any right established by contract are not preempted. Id. Where a state statute confers rights on an employee that are independent of rights granted by the CBA, a question of state law is created "entirely independent" of any interpretation of the CBA. Livadas, 512 U.S. at 125. Even if it is necessary to refer to the CBA in the case at hand to determine the terms and conditions of employment, this Court finds that plaintiff's claims can be resolved without interpreting the terms of the CBA. Applying the principles set forth in Lingle

Allis-Chalmers, and Livadas, this Court finds that § 301 does not preempt plaintiff's claims since this claims do not require interpretation of the CBA as defined by the case law set forth above, and plaintiff's claims exist independently of the CBA.

As to defendants' argument that the CBA between Local 64 and the Entertainment Authority must be interpreted to determine whether plaintiff was considered an employee, what duty was owed to the plaintiff, and whether defendant breached any duty owed, this Court finds that the fact that provisions of the CBA may be referred to or consulted during the course of the resolution of plaintiff's sexual harassment claims does not militate in favor of finding § 301 preemption. See Owen, 161 F.3d at 775. While the CBA may contain provisions relating to "covered parties" and "union duties," as the Supreme Court noted in Livadas, "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." 512 U.S. at 124. Notably, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." Kobold, 832 F.3d at 1033 (citing Caterpillar Inc., 482 U.S. at 394). In other words, "[i]f the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Kobold, 832 F.3d at 1033 (citing Cramer, 255 F.3d at

691).  Here, this Court finds that plaintiff's claims arise independently of any interpretation of the CBA and are not "inextricably intertwined with consideration of the terms of the labor contract.  Allis-Chalmers Corp., 471 U.S. at 211; see also Jackson v. Kimel, 992 F.2d 1318, 1327 (4th Cir. 1993) (Interpretation of the collective bargaining agreement not necessary to determine whether defendant owed a duty to refrain from the alleged conduct because the collective bargaining agreement could not authorize defendant's alleged behavior.).

Accordingly, this Court finds that plaintiff's claims are not completely preempted and this Court lacks jurisdiction to adjudicate this action.  As a result, this Court also lacks jurisdiction to decide defendants' motions to dismiss and must accordingly deny the motions as moot, but without prejudice subject to refiling in state court.

IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand (ECF No. 10) is GRANTED.  As a result, the defendants' motions to dismiss (ECF Nos. 7, 8) are DENIED WITHOUT PREJUDICE subject to refiling in state court.  Accordingly, this matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of

17

the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 29, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE